## CHAPMAN *vs.* THE NEW YORK CENTRAL RAIL ROAD COMPANY.

R. was a day laborer, employed continuously upon the track of the defendants' rail road, at a fixed rate of wages per day, with an understanding that the defendants were to be at liberty, after the expiration of R.'s regular hours for labor, to require his services in case of any accident, or the occurrence of any thing endangering the running of the road, when he was to be allowed for extra time, and paid accordingly; and that if, at any time after he had performed his day's labor, he saw any thing amiss, he should, without being specially required to do so, give all necessary attention to it. *Held* that the negligence of R. in taking down, and failing to replace, a set of bars, in the fence of the defendant, opposite the plaintiff's land, in con-

sequence of which the horses of the latter strayed upon the track of the rail road, in the night, and were killed by the locomotive, was the negligence of the defendants, for which they were liable in damages.

ACTION to recover the value of a span of horses belonging to the plaintiff, which were killed by a locomotive, on the defendants' rail road. The cause was referred to a referee, who found the following facts, viz : That the defendants, during the year 1857, were and still are a corporation, engaged in operating the rail road mentioned in the complaint. That the horses of the plaintiff, mentioned in the complaint, in the night of the last day of September, 1857, escaped from the pasture of the plaintiff, adjoining the defendants' road, in the town of Palmyra, on the track of the said road, through a bar-way in the fence of the defendants, while the bars were down, and while on the track they were struck by a locomotive of the defendants, while they were running on the road, and killed. That the bars were taken and left down by one Ryan, who was at the time, and had been for more than a year previous, in the employment of the defendants as a day laborer, continuously, at a fixed rate of wages per day, of about twelve hours, payable once a month, up to the first day of the month. It was understood between him and the defendants, that in virtue of that employment the defendants were at liberty, after the expiration of his regular hours for labor for any day, to require his services in case of any accident, or the occurrence of any thing endangering the running of the road, when he was to be allowed for extra time, and paid accordingly ; and further, that if at any time after he had performed his day's labor he saw any thing amiss, he should, without being specially required to do so, give all necessary attention to it. The value of the horses at the time they were killed was found to be $310.

The referee found as conclusions of law, from these facts, that under this employment, thus understood, it was the duty of Ryan, as the servant of the defendants, which he thereby became for the purpose, to replace the bars, and his omission

to do so was negligence of the defendants, for which, and the killing of the horses, in consequence of it, they were liable in this action. That the plaintiff was entitled to recover of the defendants in this action, as the damage sustained by him by reason of the premises, the sum of $310, and interest ; for which sum he ordered judgment in his favor, besides costs, and the defendant appealed.

*O. H. Palmer*, for the appellant.

*J. Peddie*, for the plaintiff.

*By the Court*, E. DARWIN SMITH, J. The plaintiff in this case has lost his span of horses without any negligence or fault on his part, through the negligence of the witness Ryan, a servant or laborer in the employment of the defendants. Ryan was a day laborer employed upon the track of the defendants' rail road, and in building and repairing fences under a foreman having the charge or oversight of a particular section of the road. Each foreman employed his own hands, and they were paid at a fixed rate of wages per day, monthly. The referee finds as matter of fact that it was understood between Ryan and the defendants that in virtue of his employment the defendants were at liberty, after the expiration of his regular hours for labor, to require his services in case of any accident or the occurrence of any thing endangering the running of the road, when he was to be allowed for extra time and paid accordingly ; and further, that if at any time after he had performed his day's labor *he saw any thing amiss, he should without being specially required to do so, give all necessary attention to it.* Upon this finding on the facts, the conclusion of the referee in respect to the law, that "it was the duty of Ryan, as the servant of the defendants, to replace the bars in the defendants' fence," the taking and leaving down of which was the cause of the escape of the plaintiff'

horses from his lot and of their loss, "and that his omission to do so was the negligence of the defendants, for which and the killing of the horses in consequence of it, they are liable," is clearly legitimate and proper.

As an original question I should have found some difficulty in coming to the same conclusion upon the facts, with the referee, upon the evidence. It seems to me that the duty of Ryan was rather one of imperfect obligation than a fixed, certain duty, arising from his contract of employment. But the witness swears unqualifiedly that his day's work commenced at 7 A. M., and ended at 6½ P. M. ; and he further says, "*and if I saw any thing amiss, after that, I had to do it.*" It was certainly amiss for him not to put up the bars in question, which he took out and left out himself. He also said, "It was part of my business, when I saw a fence down, to put it up ; and in case a bar was broken to put in another one." Upon this and the other evidence in the case we cannot say, I think, that the referee was not warranted in finding on the facts as he has done ; or at least I do not think we are at liberty to reverse this judgment on the ground that the finding is entirely without, or against, evidence, even though we might have come to a different conclusion on the facts. I am not sure that this judgment is not sustainable upon the ground that the defendants employed and kept and continued this man Ryan in their employment, under the circumstances of this case ; the foreman in particular, under whom he worked, being well acquainted with the fact that he was addicted to habits of intoxication. With such habits he was put and kept in a position on the defendants' road which enabled him to commit the gross act of negligence in question. As the defendants have thereby caused the loss of the plaintiff's horses, I am not clear that this judgment cannot be sustained on this express ground. At least it is quite apparent that they ought to suffer the consequences resulting from this negligence of their servants, rather than the plain-

CAYUGA—JUNE, 1860. **403**

Niagara District Bank *v.* Fairman &c. Tool Manuf. Co.

tiff, who is without fault; and in this view of the equities of the parties, I can hardly think it our duty to interfere with this judgment.

The judgment should therefore be affirmed.

[MONROE GENERAL TERM, March 5, 1860. *Welles, Smith* and *Johnson,* Justices.]